IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANDREA MORROW,                                          Case No. 3:24-cv-00039-SB

                Plaintiff,                         **OPINION AND ORDER**

        v.

GENIUS FUND, LIAM PALMIERI, CHRIS
FINELLI, ARI STIEGLER, FEDERAL
BUREAU OF INVESTIGATION,
LINKEDIN, USA TODAY, TAMI
ABDOLLAH, JOHN DOES 1-10,

                Defendants.

**Michael H. Simon, District Judge.**

        Plaintiff Andrea Morrow ("Morrow"), a self-represented litigant, filed this action against

Defendants Genius Fund, Liam Palmieri ("Palmieri"), Chris Finelli ("Finelli"), Ari Stiegler

("Stiegler"), the Federal Bureau of Investigation ("FBI"), LinkedIn, USA Today, Tami Abdollah

("Abdollah"), and John Does 1-10 (together, "Defendants"), on January 8, 2024. (Compl., ECF

No. 1.) Following the Court's order to show cause why it should not dismiss this case for lack of

subject matter jurisdiction (ECF No. 6), Morrow filed a second amended complaint including the

state citizenship of each party and alleging obstruction of justice, negligence, conversion, and

intentional infliction of emotional distress ("IIED") claims against Abdollah, and a negligent infliction of emotional distress claim against all Defendants. (Second Am. Compl. ("SAC"), ECF No. 7.) The Court granted Morrow's application to proceed *in forma pauperis*. (ECF No. 6.)

The Court appears to have subject matter jurisdiction over this case under 28 U.S.C. § 1332(a). For the reasons discussed below, the Court dismisses Morrow's second amended complaint and denies her motion for appointment of pro bono counsel.

## DISCUSSION

### I.    LEGAL STANDARDS

#### A.    Screening Requirement

A district court must perform a preliminary screening of an *in forma pauperis* complaint and dismiss any claims that fail to state a claim upon which relief may be granted, are frivolous or malicious, or seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (explaining that § 1915(e)(2)(B) applies to non-prisoners); *Preciado v. Salas*, No. 13-cv-0390, 2014 WL 127710, at *1 (E.D. Cal. Jan. 14, 2014) (stating that courts are "required to screen complaints brought by plaintiffs proceeding *pro se* and *in forma pauperis*") (citation omitted).

#### B.    Pleading Requirements

The Federal Rules of Civil Procedure require a plaintiff to state "a short and plain statement" in a complaint showing that she is entitled to relief. *See* FED. R. CIV. P. 8(a)(2). To state a claim for relief, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

### C.    Self-Represented Litigants

"Pro se pleadings are held to a less stringent standard than those drafted by lawyers." *Graves v. Nw. Priority Credit Union*, No. 3:20-cv-00770-JR, 2020 WL 8085140, at *2 (D. Or. Dec. 12, 2020) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). "In cases involving a [self-represented] plaintiff, the court construes the pleadings liberally and affords the plaintiff the benefit of any doubt." *Kali v. Bulk Handling Sys.*, No. 6:18-cv-02010-AA, 2019 WL 1810966, at *4 (D. Or. Apr. 23, 2019) (citing *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004)).

"The court, in many circumstances, instructs the pro se litigant regarding deficiencies in the complaint and grants leave to amend." *Graves*, 2020 WL 8085140, at *2 (citing *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987)). "Nevertheless, a pro se plaintiff's claims may be dismissed without leave to amend where it appears beyond doubt that the plaintiff can prove no set of facts that would entitle [the plaintiff] to relief." *Id.* (citing *Barrett v. Belleque*, 544 F.3d 1060, 1061-62 (9th Cir. 2008)).

### ANALYSIS

### I.    MORROW'S SECOND AMENDED COMPLAINT

Morrow alleges that she was an employee of the Genius Fund in 2019 until she was forced to leave her job due to sex discrimination, and that Defendants began to stalk and "traffic" her beginning in February 2021.[1] (SAC ¶ 2.)

///

---

[1] Morrow alleges that the Genius Fund is a private equity fund registered in Delaware and doing business in California. (SAC ¶ 2.) It is unclear if Defendants Palmieri, Finelli, and Stiegler are individuals affiliated with the Genius Fund. (*Id.*)

Morrow alleges that Abdollah worked for both USA Today and the FBI and was "intricately involved" with unidentified individuals who "ruthlessly stalked, systematically hacked, and subjected [Morrow] to egregious medical abuse over the last three years[.]" (*Id.* ¶¶ 3-4.) Morrow contacted Abdollah for assistance due to her affiliations with USA Today and the company implicated in the stalking, hacking, and trafficking incidents.[2] (*Id.* ¶ 5.) A few months later, Abdollah deliberately withheld "crucial evidence that would have unequivocally established Morrow's innocence during a fraudulent trial in Los Angeles which single handedly led to two more years of abuse in Portland," Oregon. (*Id.* ¶ 6.)

Morrow alleges that on or about February 2021, her personal computer, phone, and LinkedIn account "were clandestinely taken over[.]" (*Id.* ¶ 7.) Morrow was "hoaxed by men through the [LinkedIn] site while being controlled and hacked at the same time eventually leading to the attempted murder and trafficking incident," and her "account was eventually locked." (*Id.*) Morrow "had Defendants' confessions in her accounts" and Morrow alleges "[o]n information and belief" that "Defendants eventually hacked into and locked Morrow's accounts to prevent her from revealing her evidence." (*Id.*)

Morrow alleges that Abdollah failed to take any action or "escalate the matter to the necessary authorities" and withheld "critical documents needed which allowed for the following two years of framings, abuse and/or malpractice, relentless stalking, and unwarranted hacking in Oregon to take place." (*Id.* ¶¶ 8-9.) Morrow further alleges that "LinkedIn has not only confessed to their involvement but now refuses to answer [Morrow]'s messages or provide [Morrow] with necessary information[.]" (*Id.* ¶ 11.)

---

[2] It is unclear if Morrow is referring to the Genius Fund when she refers to "the company."

II.    **SCREENING ORDER**

Morrow's second amended complaint includes claims for obstruction of justice, negligence, conversion, intentional infliction of emotional distress, and negligent infliction of emotional distress. (SAC at 1-9.)

A.    **Obstruction of Justice**

Morrow alleges that Abdollah, with knowledge of the ongoing crimes perpetrated against Morrow, deliberately ignored and withheld "crucial trial information," thereby obstructing justice and causing Morrow "ongoing and egregious harm." (SAC ¶ 13.)

"[O]bstruction of justice is not a cognizable civil claim." *Chapman v. Chronicle*, No. C 07-4775 SBA, 2009 WL 102821, at *4 (N.D. Cal. Jan. 14, 2009) (citation omitted); *Arunachalam v. Apple, Inc.*, No. 5:18-cv-01250-EJD, 2018 WL 5023378, at *5 (N.D. Cal. Oct. 16, 2018) ("[T]here is no private cause of action for obstruction of justice[.]" (citing *Chapman*, 2009 WL 102821, at *4)); *see also Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (holding that criminal statutes generally "provide no basis for civil liability"); OR. REV. STAT. § 162.235 (providing the elements of the crime of "obstructing governmental or judicial administration," which is a Class A misdemeanor under Oregon law).

There is no private cause of action for obstruction of justice under federal or Oregon law, and therefore the Court dismisses Morrow's obstruction of justice claim against Abdollah with prejudice.

B.    **Negligence**

Morrow alleges that Abdollah was negligent "in handling [Morrow's] harrowing situation" and breached her duty of care "[b]y failing to take prompt and appropriate action upon learning of [Morrow's] dire circumstances[.]" (SAC ¶ 20.)

///

Under Oregon law, "unless the parties invoke a status, relationship, or a particular standard of conduct that creates, defines, or limits the defendant's duty, the issue of liability for harm actually resulting from defendant's conduct properly depends on whether that conduct unreasonably created a foreseeable risk to a protected interest of the kind of harm the befell the plaintiff." *Fazzolari v. Portland Sch. Dist.*, 734 P.2d 1326, 1336 (Or. 1987); *see also Moody v. Or. Cmty. Credit Union*, --- P.3d ----, 2023 WL 9015060, at *6 (Or. 2023) ("In *Fazzolari*, this court stepped away from traditional concepts of 'duty,' 'breach of duty,' and 'proximate cause' as aids to determine whether a plaintiff could maintain a claim for negligence and, instead, the court reformulated the relevant question as whether the defendant's 'conduct unreasonably created a foreseeable risk to a protected interest of the kind of harm that befell the plaintiff.'" (quoting *Fazzolari* and citing *Scott v. Kesselring*, 513 P.3d 581, 589 (2022))).

Morrow has not alleged a special status, relationship, or standard of conduct to establish that Abdollah owed her a duty. Accordingly, she must plead facts to create a reasonable inference that Abdollah's conduct created a foreseeable risk to a protected interest of the kind of harm that befell Morrow and that Morrow's harm resulted from Abdollah's conduct. *See id.* at *6 ("It is now settled that '[a] negligence complaint, to survive a motion to dismiss, must allege facts from which a factfinder could determine (1) that defendant's conduct caused a foreseeable risk of harm, (2) that the risk is to an interest of a kind that the law protects against negligent invasion, (3) that defendant's conduct was unreasonable in light of the risk, (4) that the conduct was a cause of plaintiff's harm, and (5) that plaintiff was within the class of persons and plaintiff's injury was within the general type of potential incidents and injuries that made defendant's conduct negligent.'") (citation omitted). Morrow has failed to plead facts to state a plausible negligence claim against Abdollah.

Morrow's allegations against Abdollah are vague and conclusory. Morrow does not allege with any specificity who allegedly stalked, hacked, trafficked, and medically abused her, and she does not allege when, where, why, or how those events occurred. Morrow suggests that she contacted Abdollah, a USA Today reporter, for assistance, but that Abdollah then withheld evidence at a "fraudulent trial." Morrow does not allege what evidence Abdollah allegedly withheld, or under what circumstances, or how she was harmed by Abdollah's withholding of evidence, and she does not allege any facts about the type or venue of the trial or Abdollah's role at the trial. Morrow has failed to plead facts from which a factfinder could determine that Abdollah's conduct caused a foreseeable risk of harm, that the risk was to an interest of a kind that the law protects against negligent invasion, that Abdollah's conduct was unreasonable in light of the risk, that the conduct was a cause of Morrow's harm, or that Morrow was within the class of persons or her injury was within the general type of potential incidents and injuries that made Abdollah's conduct negligent. *See id.* Accordingly, the Court dismisses Morrow's negligence claim for failure to state a claim. *See North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 583 (9th Cir. 1983) (holding that the district court properly dismissed claim under Rule 12(b)(6) because it was "vague, conclusory, and general and does not set forth any material facts in support of the allegations"); *Smith v. Sanchez*, No. 4:22-cv-04451-YGR, 2022 WL 17400711, at *2 (N.D. Cal. Oct. 3, 2022) (dismissing complaint based on finding that the self-represented plaintiff failed to allege sufficient facts to state a claim for relief, and noting that "[b]road conclusions that rights were violated, without more, are insufficient as a matter of law").

###    C.    Conversion

Morrow alleges that Abdollah failed to protect Morrow's "confidential LinkedIn confessions," which, "coupled with her subsequent theft of emails, amounted to a reprehensible invasion of [Morrow's] privacy." (Am. Compl. ¶ 24.) Morrow further alleges that Abdollah's

theft of the LinkedIn confessions directly contributed to the loss of Morrow's "promising career" and "caus[ed] irreparable harm to [Morrow's] professional standing and reputation." (*Id.* ¶ 25.)

To state a claim for conversion under Oregon law, "a party must establish the intentional exercise of dominion or control over a chattel that so seriously interferes with the right of another to control it that the actor may justly be required to pay the full value of the chattel." *Blocker v. Universal Music Publ'g Grp.*, No. 3:14-cv-01650-SB, 2015 WL 9646823, at *2 (D. Or. Dec. 15, 2015) (simplified); *see also Lyden v. Nike Inc.*, No. 3:13-cv-00662-HZ, 2013 WL 5729727, at *4 (D. Or. Oct. 22, 2013) ("I am persuaded by the reasoning in *Joe Hand* that chattel is not limited to tangible property." (citing *Joe Hand Promotions, Inc. v. Jacobson*, 874 F. Supp. 2d 1010, 1019 (D. Or. 2012))).

Morrow has failed to state a claim for conversion under Oregon law. Morrow does not allege any facts to establish that Abdollah intentionally exercised dominion or control over her LinkedIn or email accounts, nor that Abdollah's control over the accounts seriously interfered with Morrow's right to control the accounts. In addition, it is unlikely that Morrow could plausibly allege that Abdollah, a USA Today reporter, was able to control Morrow's LinkedIn or email accounts in a manner that interfered with Morrow's own control over the accounts, especially where Morrow alleges that all Defendants hacked her accounts. (*See* SAC ¶ 7.) The Court finds that Morrow has failed to state a conversion claim against Abdollah and the Court dismisses the claim.

### D.    Intentional Infliction of Emotional Distress

Morrow alleges that Abdollah's deliberate withholding of "crucial information" and her advice to the FBI to remove pictures from Morrow's "cloud" resulted in severe emotional distress. (SAC ¶ 29.)

///

Under Oregon law, the elements of an IIED claim are: "(1) the defendant intended to inflict severe emotional distress on the plaintiff; (2) the defendant's acts were the cause of the plaintiff's severe emotional distress; and (3) the defendant's acts constituted an extraordinary transgression of the bounds of socially tolerable conduct." *Yeti Enter. Inc. v. NPK, LLC*, No. 3:13-cv-012003-ST, 2015 WL 3952115, at *7 (D. Or. June 29, 2015) (quoting *McGanty v. Staudenraus*, 901 P.2d 841, 849 (Or. 1995)). "Whether the alleged conduct constitutes an extraordinary transgression of the bounds of socially tolerable conduct is a question of law for the court." *Thames v. City of Portland*, No. 3:16-cv-01634-PK, 2017 WL 4392044, at *7 (D. Or. Oct. 3, 2017) (citing *Harris v. Pameco Corp.*, 12 P.3d 524, 529 (Or. App. 2000)). "[T]he 'classification of conduct as 'extreme and outrageous' depends on both the character and degree of the conduct.'" *Reaves v. Nexstar Broad., Inc.*, 327 F. Supp. 3d 1352, 1375 (D. Or. 2018) (quoting *House v. Hicks*, 179 P.3d 730, 736 (Or. App. 2008)).

As discussed above, Morrow's allegations are vague and conclusory and she has failed to allege specific conduct attributable to Abdollah. As a result, Morrow has not established that Abdollah's conduct rose to the level of outrageousness required for an IIED claim. Accordingly, Morrow has failed to state an IIED claim against Abdollah and the Court dismisses the claim.

### E.    Negligent Infliction of Emotional Distress

Morrow alleges that Defendants' "actions and/or inactions enabled the stalking, hacking, and medical abuse of [Morrow] by Defendants and subjected [Morrow] to sustained and unremitting emotional distress, resulting in mental health treatment that was the result of a fraudulent trial wherein she was impersonated and other psychological damages." (SAC ¶ 34.) Morrow alleges that "Abdollah's complicity in the ongoing stalking and hacking by [Morrow's] former employer, their employees, their agents and/or contractors, Linkedin, and the FBI,

coupled with her failure to act and prevent further victimization, contributed to [Morrow's] status as a victim of human trafficking." (*Id.* ¶ 36.)

There are several problems with Morrow's negligent infliction of emotional distress claim. First, her allegations are vague and conclusory. *See North Star Int'l*, 720 F.2d at 583 (holding that district court properly dismissed claim under Rule 12(b)(6) because it was "vague, conclusory, and general and does not set forth any material facts in support of the allegations").

Second, she does not allege specific conduct attributable to any particular defendant. She does not allege who stalked, hacked, trafficked, and medically abused her, she does not allege when, where, why, or how those events occurred, and she does not allege each defendant's role in those events. *See Bell v. City of Fife*, 465 F. App'x 711, 711 (9th Cir. 2012) ("The district court properly dismissed [the plaintiff's] action because [the plaintiff] alleged only conclusory allegations of wrongdoing in his amended complaint and failed to attribute specific wrongful conduct to any individual defendant." (citing *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1010-11 (9th Cir. 2011))); *Smith*, 2022 WL 17400711, at *2 (dismissing complaint based on finding that the self-represented plaintiff failed to allege sufficient facts to state a claim for relief, and noting that "[c]omplaints should include specific facts about . . . each defendant in order to assess what occurred or what is occurring").

Third, the Oregon Supreme Court "consistently has rejected claims for emotional distress damages caused by a defendant's negligence, in the absence of any physical injury[.]" *Paul v. Providence Health Sys.–Or.*, 273 P.3d 106, 112 (Or. 2012) (citation omitted). An exception to the physical-injury rule exists "where the defendant's conduct infringed on some legally protected interest apart from causing the claimed distress[.]" *Id.* (citation omitted). Although Morrow alleges that she was the victim of "medical abuse" and "human trafficking," she does

not allege that she suffered any physical injury nor that any defendant's negligence caused the physical injury. Further, Morrow does not allege that any defendant infringed "some other legally protected interest." *Id.*

For these reasons, Morrow has failed to state a claim for negligent infliction of emotional distress and the Court dismisses the claim.[3]

## III.    MOTION FOR APPOINTMENT OF COUNSEL

Morrow filed a motion for appointment of pro bono counsel, alleging she has contacted every attorney in Oregon and California, as well as law firms in Washington, DC and abroad, and has been unable to retain counsel. (Mot. Appointment Pro Bono Counsel at 2, ECF No. 8.)

A district court has discretion to request volunteer counsel for indigent plaintiffs in "exceptional circumstances." *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990). "A finding of the exceptional circumstances . . . requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). "Neither factor is controlling; both must be viewed together in making the finding." *Rogers v. Nev. Dep't of Corr.*, No. 319CV00503MMDWGC, 2021 WL 5862773, at *1 (D. Nev. June 22, 2021) (citing *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991)).

For the reasons discussed above, the Court concludes that Morrow is unlikely to succeed on the merits of her claims. In addition, having reviewed Morrow's court filings to date, and

---

[3] If Morrow elects to replead her claim against the FBI, the Federal Tort Claims Act ("FTCA") provides that the United States, not the FBI, is the appropriate defendant. *See Williams v. Fed. Bureau of Investigation*, No. 3:19-cv-00418-BR, 2019 WL 5295465, at *8 (D. Or. Oct. 18, 2019) (granting motion to dismiss the FBI as a defendant with prejudice because "the United States is the only proper Defendant under the FTCA").

balancing her ability to articulate her claims with the complexity of her claims, the Court finds that Morrow's claims are not sufficiently complex to warrant appointment of pro bono counsel at this stage of the litigation. Accordingly, the Court concludes that this case does not present exceptional circumstances warranting the appointment of counsel and the Court denies Morrow's motion for appointment of counsel. *See, e.g.*, *Ross v. Myrick*, 817 F. App'x 499, 500-01 (9th Cir. 2020) ("[The plaintiff] did not show he was likely to succeed on the merits of his claims, and the claims [the plaintiff] alleged are not so complex that he could not articulate them. Thus, the district court did not abuse its discretion in refusing [the plaintiff]'s request for counsel.") (citation omitted).

## CONCLUSION

For the reasons stated, the Court DISMISSES Morrow's second amended complaint (ECF No. 7), and DENIES Morrow's motion for appointment of counsel (ECF No. 8). The Court dismisses Morrow's obstruction of justice claim with prejudice, and dismisses the other claims without prejudice. Morrow may file a third amended complaint within thirty days if she is able to cure the pleading deficiencies identified herein. If Morrow does not timely file a third amended complaint, the Court will dismiss this case with prejudice.

**IT IS SO ORDERED.**

DATED this  20th  day of February, 2024.

Michael H. Simon
United States District Judge