IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ANDREA MORROW, | Case No. 3:24-cv-00039-SB |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| GENIUS FUND, LIAM PALMIERI, CHRIS FINELLI, ARI STIEGLER, FEDERAL BUREAU OF INVESTIGATION, LINKEDIN, USA TODAY, TAMI ABDOLLAH, JOHN DOES 1-10, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

Plaintiff Andrea Morrow ("Morrow"), a self-represented litigant, filed this action against Defendants Genius Fund, Liam Palmieri ("Palmieri"), Chris Finelli ("Finelli"), Ari Stiegler ("Stiegler"), the Federal Bureau of Investigation ("FBI"), LinkedIn, USA Today, Tami Abdollah ("Abdollah"), and John Does 1-10 (together, "Defendants"), on January 8, 2024. (Compl., ECF No. 1.)

Following the Court's order to show cause why it should not dismiss this case for lack of subject matter jurisdiction (ECF No. 6), Morrow filed a second amended complaint including the

PAGE 1 – OPINION AND ORDER

state citizenship of each party and alleging obstruction of justice, negligence, conversion, and intentional infliction of emotional distress claims against Abdollah, and a negligent infliction of emotional distress claim against all Defendants. (Second Am. Compl., ECF No. 7.) The Court granted Morrow's application to proceed *in forma pauperis*. (ECF No. 6.)

In an order dated February 20, 2024, the Court screened and dismissed Morrow's second amended complaint for failure to state a claim. (ECF No. 9.) On March 5, 2024, Morrow filed a third amended complaint, attempting to replead her original claims and adding new claims arising under the Computer Fraud and Abuse Act, along with civil conspiracy and invasion of privacy claims, based on the same alleged conduct. (Third Am. Compl. ("TAC"), ECF No. 10.) Morrow also filed a second motion for appointment of pro bono counsel. (ECF No. 11.)

Morrow's third amended complaint suffers from the same deficiencies as her second amended complaint. Morrow alleges that for several years someone has stalked her, hacked her online accounts, and interfered with her phones, and that these actions caused her injuries, including "institutionalization under mental health guises" and "forced . . . medical treatment[.]" (TAC at 4-10.) Although Morrow alleges that all Defendants are responsible for the alleged series of events, she has not pleaded any facts that allow the Court to draw a reasonable inference that any of the named defendants is liable for the misconduct she alleges. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007))).

Rather, even accepting all of Morrow's allegations as true, it is clear that Morrow merely speculates that Defendants are behind the alleged events. She seeks the Court's "intervention in aiding her pursuit of justice as her attempts to raise the issues with relevant investigative and

PAGE 2 – OPINION AND ORDER

oversight authorities have failed to bear any fruit." (TAC ¶ 9.) However, for claims to survive the pleading stage, "[f]actual allegations must be enough to rise above the speculative level[.]" *Twombly*, 550 U.S. at 555 (citation omitted).

For all of the reasons explained in the Court's original screening order (ECF No. 9), which the Court incorporates herein, Morrow has failed to state any plausible claims for relief. Therefore, the Court dismisses Morrow's third amended complaint for failure to state a claim. The Court has already provided Morrow an opportunity to cure her pleading deficiencies, but she was unable to do so. Accordingly, any further amendment would be futile and the Court dismisses Morrow's claims without leave to amend. *See Okwu v. McKim*, 682 F.3d 841, 846 (9th Cir. 2012) ("We therefore conclude that the district court's decision to dismiss with prejudice without giving [the plaintiff] another opportunity to amend was not an abuse of discretion."); *see also Graves v. Nw. Priority Credit Union*, No. 3:20-cv-00770-JR, 2020 WL 8085140, at *2 (D. Or. Dec. 12, 2020) ("[A] pro se plaintiff's claims may be dismissed without leave to amend where it appears beyond doubt that the plaintiff can prove no set of facts that would entitle [the plaintiff] to relief." (citing *Barrett v. Belleque*, 544 F.3d 1060, 1061-62 (9th Cir. 2008))).

## CONCLUSION

For the reasons stated, the Court DISMISSES Morrow's third amended complaint (ECF No. 10), without leave to amend, and DENIES AS MOOT Morrow's motion for appointment of pro bono counsel (ECF No. 11).

**IT IS SO ORDERED.**

DATED this   11th   day of March, 2024.

                                              Michael H. Simon
                                              United States District Judge